IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br>vs.<br><br>DONYEIL HOY (3),<br><br>            Defendant. | NO. 9:23-CR-00002-MAC |

## REPORT AND RECOMMENDATION DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR IMPROPER VENUE

Pending is the Defendant, Donyeil Hoy's, *Motion to Dismiss – Improper Venue* (Doc. #61). This matter was referred to the undersigned for consideration and entry of proposed findings and recommended disposition. (Doc. #66); *see* 28 U.S.C. § 636(b)(1)(B); E.D. TEX. CRIM. R. 59(d). The Government responded in opposition (Doc. #63) and Hoy filed a reply (Doc. #64). The undersigned has reviewed the relevant law and briefing and recommends denying Hoy's motion.

I.    Background

Hoy was indicted on January 12, 2023, in Count One of the Indictment alleging:

> from on or about October 2016, and continuing thereafter until on or about October 14, 2021, the exact dates being unknown to the grand jury, in the Eastern District of Texas and elsewhere, Gustavo Hilario Sosa (1), Ulises Saul Lozano (2), Donyeil Hoy (3), Derrian Lawrence Smith (4), Kayla Micole Hines (5), and Chrishonde Shermaine Love (6), defendants, knowingly and intentionally conspired and agreed with each other, and with persons known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute a mixture or substance containing a detectable amount of a Schedule II controlled substance, namely: five (5) kilograms or more of mixture or substance containing cocaine HC1; fifty (50) grams of more of methamphetamine (actual); and one hundred (100) grams or more of a mixture or substance which contains a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1). All in violation of 21 U.S.C. §§ 846 and 841(a)(1).

(Doc. #1.)

Hoy moves to dismiss the Indictment, claiming that the Eastern District of Texas is not the proper venue because "the nexus to Lufkin and the Eastern District is contrived and artificial, premised solely on it being the home of the government's informant before he was himself arrested for trafficking methamphetamine and became a government operative." (Doc. #61, p. 3.) He claims that the alleged crime is a "conspiracy to transport [cocaine] from Houston on a bus years after the [Government's confidential informant with ties to the Eastern District] got popped in Lufkin on unconnected meth charges and changed sides" and that "nothing in the discovery even suggests that any of the alleged conspirators ever set foot in the Eastern District." (Doc. No. 64, p. 2-3.)

## II.     Legal Standard

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed. . . ." U.S. CONST. amend. VI. Similarly, Federal Rule of Criminal Procedure 18 provides:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The Court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

FED. R. CRIM. P. 18.  Notably, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Venue is determined "from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Anderson*, 328 U.S. 699, 703 (1946).  "In conspiracy cases, venue is proper in any district where the agreement was formed or an overt act occurred," and the transportation of drugs and drug proceeds is an overt act.  *United States v. Kiekow*, 872 F.3d 236,

243 (5th Cir. 2017) (quoting *United States v. Romans*, 823 F.3d 299, 309-10 (5th Cir. 2016)). The Government must prove venue by a preponderance of the evidence and circumstantial evidence alone is sufficient to establish venue. *United States v. Solis*, 299 F.3d 420, 445 (5th Cir. 2002).

"An indictment alleges proper venue if, on its face, 'it alleges facts which, if proven, would . . . sustain venue in the district alleged, as only the indictment may be considered in pretrial motions for lack of venue, and the allegation must be taken as true.'" *United States v. Taylor*, No. 4:17-cr-09, 2017 WL 4639708, at *2 (E.D. Tex. Sept. 20, 2017), *R. & R. adopted*, 2017 WL 4629246 (E.D. Tex. Oct. 16, 2017) *aff'd sub nom United States v. Lee*, 966 F.3d 310 (5th Cir. 2020) (quoting *United States v. Delgado-Nunez*, 295 F.3d 494, 499-500 (5th Cir. 2002) (Dennis, J., dissenting)). "When considering a motion to dismiss the indictment, the court considers all well-pleaded facts as true." *United States v. Bonds*, No. 4:09-cr-92, 2012 WL 1802448, at *1 (E.D. Tex. Apr. 2, 2012), *R. & R. adopted*, 2012 WL 1802443 (E.D. Tex. May 17, 2012); *see also Lee*, 966 F.3d at 319 (broad application of the venue rule is appropriate in conspiracy cases).

Federal Rule of Criminal Procedure 12(b)(3)(A)(i) explicitly lists "improper venue" as a motion that "*must* be made before trial" if the basis for the motion is "reasonably available" before the trial and the Court can decide it without a full-blown "trial on the merits." FED. R. CRIM. P. 12(b)(3) (emphasis added). However, a court cannot dismiss a facially valid indictment based on a pre-trial determination that the government's evidence is insufficient.[1] Instead, "[v]enue is a fact

---

[1] If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956) (internal citations omitted).

question the jury answers" and the "defendant['s] burden [is] a difficult one." *Lee*, 966 F.3d at 320.

### III.     Analysis

Here, the indictment alleges that Hoy and his co-defendants engaged in a drug conspiracy "in the Eastern District of Texas and elsewhere." (Doc. #1.)  When evaluating a motion to dismiss the indictment, allegations contained in the indictment are taken to be true. *United States v. Mann*, 517 F.2d 259, 266 (5th Cir. 1975).  Therefore, at this stage of the case, the Government's allegations are sufficient to establish proper venue in the Eastern District of Texas. *United States v. Ashley*, No. 4:20-cr-318, 2022 WL 4091965, at *3 (E.D. Tex. July 5, 2022), *R&R adopted,* No. 4:20-cr-318, 2022 WL 4084423 (E.D. Tex. Sept. 6, 2022) (allegations that the defendant's alleged criminal actions occurred within the Eastern District of Texas are sufficient to withstand a venue challenge at the pretrial stage); *Taylor*, 2017 WL 4639708 at *2 (same); *United States v. Bonds*, No. 4:09-CR-92, 2012 WL 1802448, at *1-2 (E.D. Tex. Apr. 2, 2012), *R&R adopted*, 2012 WL 1802443 (E.D. Tex. May 17, 2012) (same); *United States v. Nichols*, No. 4:09-CR-222, 2011 WL 577403, at *2 (E.D. Tex. Jan. 4, 2011), *R&R adopted*, No. 4:09-CR-222, 2011 WL 577402 (E.D. Tex. Feb. 9, 2011) (same).

### IV.     Conclusion

The four corners of the Indictment establish, at this stage in the case, that venue in the Eastern District of Texas is proper.  Accordingly, the undersigned recommends denying the Defendant's Motion to Dismiss (Doc. #61) at this time, subject to reassertion at trial.

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation.  Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be

served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. LOCAL R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 30th day of October, 2023.

_____
Zack Hawthorn
United States Magistrate Judge