| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 9:23-CR-2(3) |
| | § | |
| DONYEIL HOY | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Donyeil Hoy's ("Hoy") Motion to Reconsider—New Case Law (#125), in which he requests that the court reconsider its Order (#114) adopting United States Magistrate Judge Zack Hawthorn's Report and Recommendation (#74) and denying Hoy's Motion to Dismiss—Improper Venue (#61). The Government filed a response in opposition (#126). Having considered the motion, the response, and the applicable law, the court is of the opinion that Hoy's motion should be denied.

Hoy's current motion fails to assert any grounds that warrant the court's reconsideration of its prior order. Hoy relies primarily upon *United States v. Fortenberry*, ___ F.4th ___, No. 22-50144, 2023 WL 8885105 (9th Cir. Dec. 26, 2023), seemingly overlooking the fact that *Fortenberry* is both non-binding on this court and is entirely inapposite to the case at bar. In *Fortenberry*, the United States Court of Appeals for the Ninth Circuit reversed the district court's denial of the defendant's motion to dismiss for improper venue where the defendant was charged in the Central District of California with making false statements in violation of 18 U.S.C. § 1001, specifically during interviews with federal agents that occurred in Nebraska and Washington, D.C. *Id.* at *1-2. In particular, the Ninth Circuit held that because venue is dictated by determining which statutory element constitutes "the essential conduct" of the relevant offense, and the statutory

statement," the district court erred in concluding that venue could also be proper in "any 'district in which the effects of the false statement [were] felt.'" *Id.* at *3-4 (citing *United States v. Salinas*, 373 F.3d 161, 167 (1st Cir. 2004)). Thus, the prosecution of the defendant in the Central District of California, where the investigating agents were based, was improper, given that the defendant actually made the false statements in Nebraska and Washington, D.C. *Id.* at *6, *9.

Importantly, unlike *Fortenberry*, which tied venue to a discrete, singular element that could be readily ascertained without a trial—the location where the defendant made the false statements—venue in a conspiracy case does not lend itself to a simple pretrial determination. Congress has provided that a federal offense committed in more than one federal district "may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Thus, venue in conspiracy cases is proper in any district where the agreement was formed or where an overt act in furtherance of the conspiracy was performed by at least one of the co-conspirators. *United States v. Lee*, 966 F.3d 310, 319 (5th Cir.), *cert. denied*, 141 S. Ct. 639 (2020); *United States v. Kiekow*, 872 F.3d 236, 243 (5th Cir. 2017), *cert. denied sub nom. Pierre v. United States*, 138 S. Ct. 1301 (2018); *United States v. Romans*, 823 F.3d 299, 309-10 (5th Cir.), *cert. denied*, 580 U.S. 886 (2016); *United States v. Thomas*, 690 F.3d 358, 369 (5th Cir. 2012), *cert. denied*, 568 U.S. 1178 (2013).[1] Under this rule, "[v]enue may be proper in districts in which conspirators 'have never set foot.'" *United States v. Rodriguez-Lopez*, 756 F.3d 422, 430 (5th Cir. 2014) (quoting *United States v. Winship*, 724 F.2d 1116, 1125 (5th Cir. 1984)); *accord Romans*, 823 F.3d at 310 ("[O]ne co-conspirator's travel through a judicial

---

[1] "An overt act is an act performed to effect the object of a conspiracy." *Lee*, 966 F.3d at 320 (quoting *Kiekow*, 872 F.3d at 243). An overt act need not be a criminal act, "but 'it must be done in furtherance of the object of the conspiracy.'" *Id.* (quoting *Romans*, 823 F.3d at 310).

district in furtherance of the crime alleged establishes venue as to all co-conspirators." (quoting *United States v. Garcia Mendoza*, 587 F.3d 682, 687 (5th Cir. 2009))); *United States v. Caldwell*, 16 F.3d 623, 624 (5th Cir. 1994). A conspirator may be tried in a venue where his co-conspirator committed acts in furtherance of the conspiracy, "including those acts committed without his knowledge before he joined the conspiracy." *Rodriguez-Lopez*, 756 F.3d at 430 (quoting *United States v. Marionneaux*, 514 F.2d 1244, 1250 (5th Cir. 1975), *abrogated on other grounds by United States v. Lane*, 474 U.S. 438 (1986)); *see United States v. Chapman*, 851 F.3d 363, 377 (5th Cir. 2017) (explaining that it is not necessary "for all co-conspirators to know each other or to work together on every transaction" (quoting *United States v. DeLeon*, 641 F.2d 330, 334 (5th Cir. 1981))).

Thus, without evidence about the scope and object of the conspiracy, its purported members, and the overt acts allegedly committed, the court is unable to assess at this juncture prior to trial whether venue is proper in this district. While Hoy correctly quotes Federal Rule of Criminal Procedure 12(b)(3)(A)(i) as requiring motions challenging improper venue to be "raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits," he misapprehends its application to his case. FED. R. CRIM. P. 12(b)(3)(A)(i). As the Government previously stated in its Response to Defendant's Objection to the Court's Proposed Findings of Fact and Conclusions of Law (#111), "[t]he present dispute over venue is not a clean issue," and "[a] trial will be required to flush out the participants in this conspiracy and their various roles, and essentially every government witness will likely be necessary, to this end." The Government further explains in its response to the pending motion that "[t]he conspiracy was a continuing offense that involved known and unknown co-conspirators,

3

occurred over a period of time, and impacted multiple jurisdictions . . . ." In other words, the venue issue in this case cannot be readily "determined without a trial on the merits," as testimony from the majority, if not all, of the Government's witnesses will be necessary to determine whether venue is proper in the Eastern District of Texas. FED. R. CRIM. P. 12(b)(3)(A)(i). Hoy's present motion fails to convince the court otherwise.

Accordingly, because Hoy fails to raise any new grounds that necessitate the court's reconsideration of its previous order, Hoy's Motion to Reconsider—New Case Law (#125) is DENIED.

SIGNED at Beaumont, Texas, this 10th day of January, 2024.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE